IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARL D. WASHINGTON | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:08CV173 LG-RHW |
| | § | |
| CITY OF GULFPORT, MISSISSIPPI | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion to Dismiss or for Summary Judgment [10] filed by the City of Gulfport, Mississippi. The Plaintiff, Carl D. Washington, has filed a response, and the City has replied. After due consideration of the submissions and the relevant law, the Court finds that Washington's Title VII claims are untimely filed, and therefore the City is entitled to summary judgment in that regard. However, the Court finds that Washington also asserted a claim under 42 U.S.C. § 1981, which is not time-barred. Accordingly, the City's Motion is granted in part and denied in part.

DISCUSSION

At issue is whether Washington timely filed his employment discrimination claims in this Court. According to Washington's Complaint, the EEOC issued a Dismissal and Notice of Rights letter to him on January 30, 2008. *See* Ex. "A" to Compl. Washington alleges he received it on January 31, 2007. Compl. 2 (¶10). (This is undoubtedly a typographical error, intended to read January 31, 2008.) Washington's Complaint was filed April 30, 2008, which is within the statutory 90-day filing requirement. *See* 42 U.S.C. § 2000e-5(f)(1). The City asserts, however, that Washington filed two charges with the EEOC; one naming the "City of Gulfport - Fire Department," signed May 10, 2007, and the one associated with the Dismissal Letter above, signed eight days later on May 18, 2007, naming the "Civil Service Commission." Ct. R. 14-3. The charges are otherwise nearly identical. It is the earlier charge against the City of Gulfport that the

City asserts has been untimely filed in this Court.

<u>THE LEGAL STANDARD</u>:

The City seeks dismissal or judgment as a matter of law as to Washington's claims. The City has submitted materials in connection with the Motion that are not a part of the Complaint. The submission of evidence extraneous to Plaintiff's Complaint "would ordinarily require the Court to convert the motion to dismiss into a motion for summary judgment." *Horne v. Time Warner Operations, Inc.*, 119 F. Supp. 2d 624, 627 n.4 (S.D. Miss. 1999) (citing Fed. R. Civ. P. 12(b)). Reference to the extraneous evidence is necessary; therefore this Motion will be analyzed under the summary judgment legal standard, FED. R. CIV. P. 56.

<u>TITLE VII</u>:

Title VII actions are governed by a statute of limitations that requires that suit be brought within 90 days of the plaintiff's receipt from the EEOC of a notice of the right to sue. 42 U.S.C. § 2000e-5(f)(1). A court will dismiss a Title VII action when the plaintiff files his claim after the 90-day statute of limitations has expired. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) ("Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired.") The ninety-day limitation period is strictly construed. *Id*.

The City asserts that Washington is attempting to use the date of receipt of the Dismissal Letter for the Civil Service Commission charge to start the 90-day limitations clock. That Dismissal Letter was dated January 30, 2008, and Washington alleges receiving it January 31, 2008. Ct. R. 1 p. 2 (¶10); Ct. R. 1-3. In support of its summary judgment motion, the City produced the EEOC Dismissal letter issued in Washington's identical charge against the City of Gulfport. Ct. R. 10-3. It was issued approximately 13 days earlier than the Civil Service

Commission letter, on January 17, 2008. *Id.* Washington does not make any allegations in his Complaint about the disposition of this charge against the City of Gulfport.

Courts faced with similar circumstances have held that a second right-to-sue letter is ineffective to extend the ninety-day limitations period unless it is issued pursuant to a reconsideration on the merits. *See Sparks v. Lowe's Home Ctr, Inc.*, 341 F. Supp. 2d 671, 674 (E.D. Tex. 2004)*; Gitlitz v. Compagnie Nationale Air France,* 129 F.3d 554, 557 (11th Cir. 1997). The complainant is on notice from the date of receipt of the first dismissal letter that he has ninety days to file suit on the claims made in that charge. "To hold [otherwise] would allow any future plaintiff to obliterate the ninety-day limitations period by repeatedly refiling the same charge with the EEOC." *Sparks*, 341 F. Supp. 2d at 674. Accordingly, receipt of the January 17, 2008 dismissal letter began the limitations period running. However, the date Washington received the January 17, 2008 dismissal letter has not been established. Washington does not allege a date in his Complaint, nor does he provide a date in his response to the City's argument. Therefore, the Court must arrive at a date by applying a presumption of receipt. *See Books A Million*, 296 F.3d at 379 (When there is no allegation of the specific date of receipt, and the date of receipt is unknown, a presumption of receipt is appropriate.) In the *Books A Million* case, the Fifth Circuit did not provide a specific number of days the district court should use in applying a presumption of receipt. Instead, it noted the range of three to seven days after mailing applied by other courts. *Id.* It found that even using the seven day presumption, the complaint in that case had been filed more than 90 days after presumed receipt. *Id*. at 380.

If the Court were to apply the seven day presumption in this case, it would result in Washington's receipt of the dismissal letter on January 24, 2008. Ninety days after January 24 is April 24, 2008. Washington's complaint, filed April 30, 2008, was untimely for purposes of Title

VII.  *Books A Million*, 296 F.3d at 379.

<u>42 U.S.C. § 1981</u>:

Washington asserts that regardless of the outcome of the Title VII limitations issue, he also brought his discrimination claims pursuant to 42 U.S.C. § 1981, which does not have a 90-day filing limitation.  The City disagrees that Washington has alleged a § 1981 claim.

Construing the allegations of the Complaint liberally, the Court finds that Washington does invoke 42 U.S.C. § 1981 in regard to his claims that the City discriminated against him on the basis of his race.  Section 1981 protects the right to enforce contracts without respect to race.  42 U.S.C. § 1981.  The Fifth Circuit permits the prosecution of § 1981 claims that involve alleged discrimination of at-will employees.  *Hall v. Cont'l Airlines, Inc.*, 252 Fed. Appx. 650, 653 (5th Cir. Oct. 26, 2007) (citing *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 425 (5th Cir. 2000)).  The 90-day time limitation does not apply to § 1981 claims.  *See Scarlett v. Seaboard Coast Line R.R. Co.*, 676 F.2d 1043, 1050-51 (5th Cir. 1982).  Accordingly, the City is not entitled to judgment as a matter of law as to Washington's § 1981 claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss or for Summary Judgment [10] filed by the City of Gulfport, Mississippi is **GRANTED** as to the Plaintiff's Title VII claims and **DENIED** in all other respects.  Plaintiff's Title VII claims against the City of Gulfport are **DISMISSED** with prejudice.

**SO ORDERED AND ADJUDGED** this the 27th day of October, 2008.

                                              s/ *Louis Guirola, Jr.*
                                              LOUIS GUIROLA, JR.
                                              UNITED STATES DISTRICT JUDGE