# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **CARL D. WASHINGTON** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:08CV173 LG-RHW** |
| | § | |
| **CITY OF GULFPORT, MISSISSIPPI** | § | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO DISMISS

BEFORE THE COURT is the Motion to Dismiss or for Summary Judgment [18] filed by the City of Gulfport, Mississippi. The Plaintiff did not file a response. After due consideration of the Motion and the relevant law, the Court finds that Washington's claim under 42 U.S.C. § 1981 should be dismissed. Accordingly, the City's Motion to Dismiss will be granted.

## DISCUSSION

In a previous Memorandum Opinion and Order entered in this case, the Court construed the allegations of Washington's Complaint liberally to find that Washington invoked 42 U.S.C. § 1981 in regard to his claim that the City discriminated against him on the basis of his race. *See* Ct. R. 16. The Fifth Circuit permits the prosecution of § 1981 claims that involve alleged discrimination of at-will employees. *Hall v. Cont'l Airlines, Inc.*, 252 Fed. Appx. 650, 653 (5th Cir. Oct. 26, 2007) (citing *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 425 (5th Cir. 2000)).

The City now argues that this remaining § 1981 claim should be dismissed as a matter of law pursuant to FED. R. CIV. P. 12(b)(6), because "§ 1981 does not afford a remedy for violation of rights guaranteed thereunder when such claim is pursued against a governmental entity." Ct. R. 18 p. 3-4. The Court agrees with that assessment. In *Oden v. Oktibbeha County, Miss* , 246

F.3d 458 (5th Cir. 2001), the Fifth Circuit stated that "§ 1981 implicitly created an independent cause of action against private actors because no other statute created such a remedy," but that "Section 1983 remains the only provision to expressly create a remedy against persons acting under color of state law." *Id.* at 463 (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 732 (1989)). Therefore, the invocation of § 1981 in Plaintiff's Complaint is not sufficient to state a claim against the City of Gulfport.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss or for Summary Judgment [18] filed by the City of Gulfport, Mississippi is **GRANTED**. Plaintiff's remaining claim against the City of Gulfport is **DISMISSED** with prejudice.

**SO ORDERED AND ADJUDGED** this the 13th day of March, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE